IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE FRANCIS VERTZ, | § | |
| | § | |
| v. | § | C.A. NO. C-06-560 |
| | § | |
| NATHANIEL QUARTERMAN.[1] | § | |

## MEMORANDUM AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), and currently is incarcerated at

the Telford Unit in New Boston, Texas.  Proceeding pro se, he filed this habeas

corpus petition pursuant to 28 U.S.C. § 2254 on December 18, 2006.  (D.E. 1).

Respondent filed a motion to dismiss.  (D.E. 8).  For the reasons stated herein, it is

respectfully recommended that the respondent's motion to dismiss be granted.

## I.  JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 2254,

which provides that jurisdiction is proper where the inmate is confined or where

the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir.

---

[1] As Director of the TDCJ-CID, (D.E. 8, at 1 n.1), Nathaniel Quarterman is the proper respondent in this habeas action.  Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

2000).  Petitioner was convicted by the 94th Judicial District Court of Nueces County, Texas.  Therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 94th Judicial District Court of Nueces County, Texas, in cause number 83-CR-1121-C, styled The State of Texas v. George Francis Vertz.  Vertz v. State of Texas, 686 S.W.2d 696 (Tex. App. 1985).  After a jury trial, on January 12, 1984, petitioner was found guilty of burglary of a habitation in which he used a deadly weapon.  (D.E. 8, App. A, at 4).  On January 12, 1984, he was sentenced to a maximum of ninety-nine years in the custody of the TDCJ-CID.  Id. at 3.

Petitioner appealed his conviction, which was affirmed by the Thirteenth Court of Appeals on February 14, 1985.  Vertz, 686 S.W.2d at 703.  On January 15, 1986, the Texas Court of Criminal Appeals refused his petition for discretionary review.  Vertz v. State of Texas, 702 S.W.2d 196 (Tex. Crim. App. 1986) (per curiam) (en banc).  On October 6, 1986, the United States Supreme Court denied his petition for writ of certiorari.  Vertz v. Texas, 479 U.S. 830 (1986).

A.      **State Post-Conviction Filings.**

On December 12, 1984, petitioner's first state habeas application was dismissed because his direct appeal was still pending.  Ex parte Vertz, App. No. WR-14,282-01, at cover; (D.E. 8, at App. C, at 2).  On January 5, 1987, having exhausted his direct appeals, he filed another state habeas application.  Ex parte Vertz, App. No. WR-14,282-03, at 1; (D.E. 8, at App. C, at 5).  He alleged, in part, that his indictment was defective because it did not allege the use of a deadly weapon.  Id.  On February 18, 1988, the Texas Court of Criminal Appeals found that "[t]here is no indication that applicant received notice of the deadly weapon allegation until the charge and verdict form were submitted to the jury."  (D.E. 8, at App. C, at 6).  Consequently, because petitioner did not receive such notice, the court held that "the judgment of the trial court should be reformed to delete the recitation of the jury's answer to the special issue and the affirmative finding made," but denied all other relief that he sought.  Id. at 7.

On August 12, 1991, petitioner filed a third state habeas application.  Ex parte Vertz, App. No. WR-14,282-04, at 2; (D.E. 8, at App. C, at 9).  He asserted two grounds for relief: the lack of a criminal complaint violated Texas law, and his defense attorney conspired with the prosecutors and others to convict him.  Ex parte Vertz, App. No. WR-14,282-04, at 3.  On January 22, 1992, the Texas Court

of Criminal Appeals denied his application.  Ex parte Vertz, App. No. WR-14,282-04, at cover; (D.E. 8, at App. C, at 8).

On October 21, 1994, petitioner filed another habeas application.  Ex parte Vertz, App. No. WR-14,282-05, at 2; (D.E. 8, at App. C, at 11).  He asserted that the indictment was faulty and thus his case should have been dismissed.  Ex parte Vertz, App. No. WR-14,282-05, at 5-6.  On February 8, 1995, the Texas Court of Criminal Appeals denied this application without a written order.  Ex parte Vertz, App. No. WR-14,282-05, at cover; (D.E. 8, at App. C, at 10).

On October 30, 1995, petitioner filed a motion for a new trial.  Ex parte Vertz, App. No. WR-14,282-06, at 2-10.  He argued that a new trial was warranted because of new evidence that he discovered in the police report.  However, he acknowledged that his defense counsel had the police report at the time of trial.  Ex parte Vertz, App. No. WR-14,282-06, at 2-3.  On January 17, 1996, the Texas Court of Criminal Appeals dismissed his motion as an application for a § 11.07 writ of habeas corpus.  Ex parte Vertz, App. No. WR-14,282-06, at cover; (D.E. 8, at App. C, at 12).

On August 13, 2001, petitioner filed a motion seeking the appointment of counsel for a DNA hearing in the 105th Judicial District Court of Nueces County, Texas.  Vertz v. State of Texas, No. 13-02-733-CR, 2003 WL 837262 (Tex. App.

4

Mar. 6, 2003) (per curiam) (unpublished).  "Following a hearing, the trial court denied appellant's motion on August 31, 2001."  Id.  On September 16, 2002, petitioner sought review of the trial court's denial with the Thirteenth Court of Appeals.  Id.  On March 6, 2003, the appellate court dismissed the appeal as untimely.  Id.

On September 20, 2001, petitioner filed a motion for leave to file a petition for writ of mandamus.  Ex parte Vertz, App. No. WR-14,282-07; (D.E. 8, at App. C, at 15-16).  He sought the appointment of counsel as well as DNA testing.  (D.E. 8, at App. C, at 15-16).  He also alluded to the police report as newly discovered evidence.  Id. at 15.  On November 14, 2001, the Texas Court of Criminal Appeals denied this motion without a written order.  Ex parte Vertz, App. No. WR-14,282-07, at cover; (D.E. 8, at App. C, at 14).

On November 8, 2004, he filed another motion for leave to file a petition for writ of mandamus.  Ex parte Vertz, App. No. WR-14,282-08.  Specifically, he requested that the district clerk be ordered to submit to the court a copy of the habeas application.  On December 14, 2005, the Texas Court of Criminal Appeals held his motion in abeyance and ordered the district clerk to respond on April 6, 2005.  (D.E. 8, at App. C, at 18).  On March 29, 2006, the court denied this motion without a written order.  Id. at 17.

**B.    Federal Habeas Petitions.**

On May 1, 1992, petitioner filed his first federal petition for writ of habeas corpus in <u>Vertz v. Collins</u>, C-92-129 (S.D. Tex).  (D.E. 8, Ex. A, at 29-36).  He alleged that the indictment was faulty, there was no criminal complaint, the evidence was insufficient to support the charge, and there was a conspiracy by the prosecutor, the judge, defense counsel, and others.  <u>Id.</u> at 30.  On June 9, 1993, Judge Hayden Head, Jr. denied the petition.  <u>Id.</u> at 2.

On May 27, 2003, petitioner filed a second federal petition for writ of habeas corpus in <u>Vertz v. Cockrell</u>, C-03-146 (S.D. Tex).  (D.E. 8, Ex. B1, at 62-70).  He alleged that there was no criminal complaint, there is new evidence warranting a new trial, he should be allowed DNA testing and an appointed attorney, and his defense counsel was ineffective.  <u>Id.</u> at 68-69.  On June 21, 2003, Judge Hayden Head, Jr. dismissed the petition without prejudice subject to refiling after receiving authorization by the Fifth Circuit.  <u>Id.</u> at 2.

On January 25, 2007, respondent filed a motion to dismiss.  (D.E. 8). Petitioner failed to file any response to the motion to dismiss.[2]

---

[2] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas relief:

(1)     there was no criminal complaint issued in this case so the state trial

        court lacked jurisdiction, (D.E. 1, at 7);

(2)     there is newly discovered evidence in a police report from the original

        criminal offense warranting a new trial, and that this newly discovered

        evidence was suppressed by the prosecutor, id. at 7-8; and

(3)     DNA testing should be done and counsel appointed, id. at 7.

### IV.  EXHAUSTION OF STATE REMEDIES

Respondent does not dispute that petitioner has properly exhausted his

remedies for his claims regarding the criminal complaint and the newly discovered

evidence.  (D.E. 8, at 4).  However, he argues that petitioner did not properly

exhaust his claim regarding the DNA testing and the appointment of counsel.  Id.

**A.     AEDPA's Exhaustion of Remedies Standard of Review.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a federal writ of habeas corpus from an inmate in state custody shall

not be granted unless the inmate has exhausted his remedies at law in the state

courts, or there is an absence of state court remedies or circumstances that render

state remedies insufficient to protect the individual's rights.  28 U.S.C.

7

§ 2254(b)(1); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).

The exhaustion requirement ensures that state courts have an opportunity to

consider federal law challenges to state custody before the federal courts can

entertain such assertions.  <u>Duncan v. Walker</u>, 533 U.S. 167, 178-79 (2001)

(citations omitted).  The substance of a habeas petitioner's claim must have been

"fairly presented" to state courts before being presented to federal courts.  <u>Nobles</u>

<u>v. Johnson</u>, 127 F.3d 409, 420 (5th Cir. 1997) (citing <u>Picard v. Connor</u>, 404 U.S.

270, 275 (1971)); <u>accord</u> <u>Soffar v. Dretke</u>, 368 F.3d 441, 465 (5th Cir. 2004)

(citing <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995)).  In <u>Soffar</u>, the Fifth Circuit

explained:

> A claim is "fairly presented" to the state courts if there
> has been, for example, (1) reliance on pertinent federal
> cases employing relevant constitutional analysis ...; (2)
> assertion of the claim in terms sufficiently particular as to
> "call to mind" a specific right protected by the
> Constitution ...; or (3) allegations of a pattern of facts that
> is well within the mainstream of constitutional litigation.

368 F.3d at 465 (citations omitted).

The Fifth Circuit has determined that "[a] federal court claim must be the

'substantial equivalent' of one presented to the state courts if it is to satisfy the

'fairly presented' requirement."  <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th

Cir. 1998) (per curiam) (citing <u>Picard</u>, 404 U.S. at 275-78).  "[A] habeas petitioner

8

fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court." Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996) (per curiam) (citation omitted).  If a claim is "in a significantly different and stronger evidentiary posture than it was before the state courts," then the exhaustion requirement of § 2254(b) has not been met.  Joyner v. King, 786 F.2d 1317, 1320 (5th Cir. 1986).  The Fifth Circuit has determined that whether a claim has been exhausted depends on whether the additional support presented in federal court "fundamentally alter[s] the legal claim already considered by the state courts."  Conner v. Quarterman, _ F.3d _, 2007 WL 210342, at *4 (5th Cir. Jan. 29, 2007).

The exhaustion "requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Whitehead, 157 F.3d at 387 (citation omitted).  However, where new information provided by petitioner "does not fundamentally alter" the claim, but supplements the record, it "does not place the claim [] in a significantly different legal posture."  Morris v. Dretke, 413 F.3d 484, 496 (5th Cir. 2005) (citation omitted).  In Morris, the Fifth Circuit found that while the petitioner's claim was "in a comparatively stronger evidentiary posture," this was mitigated in favor of exhaustion due to several facts, including a finding that petitioner's brief in state court was detailed in both law and

fact, the new evidence did not "fundamentally alter [the petitioner's] state claim," and nothing in the record indicated an "'attempt [] to expedite federal review by deliberately withholding essential facts from the state courts.'" Id. (citations omitted).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted.  Nobles, 127 F.3d at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).  Federal habeas relief may only be granted on procedurally defaulted claims if petitioner "can demonstrate cause for default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted).  A claim is procedurally barred from federal habeas review if the petitioner would be precluded from exhausting the same claim in state court pursuant to the Texas abuse of the writ doctrine.  Horsley v. Johnson, 197 F.3d 134, 136-37 (5th Cir. 1999).  A court may only consider barred constitutional claims on the merits if a petitioner claiming actual innocence "raise[s] a substantial doubt about his guilt."  Parr v. Quarterman, 472 F.3d 245, 252 (5th Cir. 2006)

(citations omitted).

Finally, a writ of habeas corpus may be denied on the merits regardless of whether petitioner exhausted his state remedies.  28 U.S.C. § 2254(b)(2).

**B.     Petitioner's Unexhausted Claim.**

Petitioner claims that the state trial judge has denied him the appointment of counsel and DNA testing.  (D.E. 1, at 7).  He did not raise this claim in state court by filing a state habeas application.  Instead, he filed a petition for a writ of mandamus regarding this issue.  (D.E. 8, App. C, at 15-16).  The Texas Court of Criminal Appeals denied his application for a writ of mandamus without a written order.  Id. at 14.

The Texas Court of Criminal Appeals has explained that "Article 11.07 provides the exclusive means to challenge a final felony conviction....  Any other proceeding shall be void and of no force and effect in discharging the prisoner." Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (citations omitted).  "Only the Court of Criminal Appeals has jurisdiction to grant post conviction relief from an otherwise final felony conviction."  In re Stone, 26 S.W.3d 568, 569 (Tex. App. 2000) (per curiam).  Furthermore, "Article 11.07 provides the means to submit a post conviction challenge to the Court of Criminal Appeals."  Id.

Accordingly, it is respectfully recommended that petitioner has not fairly presented this claim to the state courts in a proper application for state habeas relief, and therefore, his claim is unexhausted and procedurally defaulted. Additionally, he provides no explanation for his failure to raise this claim in his initial state habeas proceeding.  Thus, it is respectfully recommended that he has not shown cause for this default, and therefore, is not entitled to relief on this claim.

## V.  DISCUSSION

Respondent does not address the merits of petitioner's claims, but rather moves the Court to dismiss the petition for lack of subject matter jurisdiction because it is a successive petition for federal habeas relief, or alternatively, because petitioner's claims are time barred.  (D.E. 9, at 1).

## A.    Motion to Dismiss Standard of Review.

In order to be entitled to habeas relief, petitioner must show his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States.  United States v. Hayman, 342 U.S. 205, 211 (1952).  "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Kinder v. Purdy,

222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law. Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted). When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus, the central question before the Court is whether plaintiff's complaint states any valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.      This Court Lacks Jurisdiction Over Petitioner's Successive Petition.**

**1.      Standard of Review for Successive Habeas Petitions**.

The Fifth Circuit has long held "that the piecemeal presentation of post-conviction attacks on confinement cannot be tolerated; consideration of the merits of successive petitions for habeas relief must be limited to those cases in which there is a good reason for the petitioner's failure to raise all of his claims at one time." Daniels v. Blackburn, 763 F.2d 705, 706 (5th Cir. 1985) (per curiam) (citing Rudolph v. Blackburn, 750 F.2d 302, 305 (5th Cir. 1984)); see also Berry v. Phelps, 819 F.2d 511, 514 (5th Cir. 1987) (per curiam) ("It is well settled that the piecemeal presentation of post-conviction attacks on confinement cannot be tolerated.").  In addition, petitioner's application for writ of habeas corpus is subject to review pursuant to the narrow provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to habeas petitions filed after its effective date of April 24, 1996).  Pursuant to the AEDPA, federal habeas corpus review on a second or successive petition is extremely limited.  See 28 U.S.C. § 2244(b).  A claim for habeas relief that was not submitted in the prior petition must be dismissed unless the petitioner can show that the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the

14

facts for the claim could not have been previously discovered with due diligence,

and if these facts were proven to be true, that in light of the record as a whole,

"would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable fact finder would have found the applicant

guilty."  28 U.S.C. § 2244(b)(2).

        In addition, petitioner must seek authorization from the Fifth Circuit to file a

successive petition:

>           Before a second or successive application permitted by
>           this section is filed in the district court, the applicant shall
>           move in the appropriate court of appeals for an order
>           authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).  A three-judge panel of the

appropriate court of appeals may authorize the second or successive petition upon

the finding that the petitioner has made a prima facie showing that the application

meets the statutory requirements.  28 U.S.C. § 2244(b)(3).

        The statute does not set forth a definition of the term "second or successive

application."  The Fifth Circuit, however, has explained that "a later petition is

successive when it: 1) raises a claim challenging the petitioner's conviction or

sentence that was or could have been raised in an earlier petition; or 2) otherwise

constitutes an abuse of the writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)

(per curiam) (citations omitted); accord Crone v. Cockrell, 324 F.3d 833, 836-37

(5th Cir. 2003) (citing <u>Cain</u>).  The Fifth Circuit has held that a petition may be

deemed "second or successive" even if petitioner's first petition was dismissed

without the court reaching the merits.  <u>In re Bagwell</u>, 401 F.3d 312, 315-16 (5th

Cir. 2005).  The Fifth Circuit has also rejected the contention that a federal habeas

petition is not successive merely because a petitioner did not seek relief on certain

claims in an earlier petition because the petitioner had not yet exhausted state

remedies.  <u>See</u> <u>Crone v. Cockrell</u>, 324 F.3d at 837 (rejecting the petitioner's

argument that he should not have been required to raise a claim in his first federal

habeas application because it was unexhausted).  The <u>Crone</u> court explained that

"'the sole fact that the new claims were unexhausted when the earlier federal writ

was prosecuted will not excuse their omission.'"  <u>Id.</u> (quoting <u>McGary v. Scott</u>, 27

F.3d 181, 184 (5th Cir. 1994)).

A habeas petition is not considered successive merely because it follows an

earlier petition, but where it raises a claim that could have been raised, or was

raised in an earlier petition, it is considered a successive petition.  <u>Cain</u>, 137 F.3d at

235-36.  The "AEDPA requires that [a petitioner's] successive petition be

dismissed unless 'the factual predicate for the claim[s not presented in a prior

application] could not have been discovered previously through the exercise of due

diligence.'"  <u>Johnson v. Dretke</u>, 442 F.3d 901, 907 (5th Cir.) (citing 28 U.S.C.

16

§ 2244(b)(2)), cert. denied, Johnson v. Quarterman, 127 S. Ct. 383 (2006).  If a petition is successive, then "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one."  United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (citations omitted).

### 2.      Petitioner's Application is Construed as a Successive Petition.

On May 1, 1992, petitioner filed his first federal petition for writ of habeas corpus.  See Vertz v. Collins, C-92-129 (S.D. Tex.); (D.E. 8, Ex. A, at 29-36).  On June 9, 1993, Judge Hayden Head, Jr. dismissed this petition.  (D.E. 8, Ex. A, at 2).  On May 27, 2003, he filed another federal petition for writ of habeas corpus.  See Vertz v. Cockrell, C-03-146 (S.D. Tex.); (D.E. 8, Ex. B1, at 62-70).  On June 21, 2003, Judge Hayden Head, Jr. also dismissed this petition because the Fifth Circuit had not authorized a successive petition.  (D.E. 8, Ex. B1, at 2).  In both federal petitions, he complains about the criminal complaint and the sufficiency of the evidence.  In the second federal petition, he also complains about the DNA issue and the newly discovered evidence related to the police report.

Petitioner has not presented this Court with any reason to suggest that he could not have raised his instant claims in his previous federal petitions.  Indeed, these claims were previously raised in his prior federal petitions.  Furthermore, he

has not presented any evidence to suggest that he did not know of the facts supporting his claims, or that he could not have discovered such facts by exercising due diligence before filing his first petition for federal habeas relief.  See Johnson, 442 F.3d at 907.  In addition, the fact that petitioner had not yet pursued state habeas relief for the claims he raises in this petition at the time he filed his first federal petition does not excuse their omission.  See Crone, 324 F.3d at 837.

It is respectfully recommended that this Court find that this petition is a successive petition.  The plain language of 28 U.S.C. § 2244(b) requires petitioner to seek permission from the Fifth Circuit before filing this petition.  Accordingly, it is further respectfully recommended that because the petition is successive and petitioner has not sought permission from the Fifth Circuit to file a successive petition, this Court lacks jurisdiction to address the merits of petitioner's claims.

## C.     Petitioner's Claims are Time Barred.

Even if this petition were not successive, it is respectfully recommended that, in the alternative, petitioner's claims are barred by AEDPA's limitations period.

### 1.     Statute of Limitations Pursuant to AEDPA.

AEDPA provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief.

18

Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C.

§ 2241(d)).  A petitioner has one year from the date his conviction becomes final to

file his federal petition for habeas relief.  Id.  A properly filed state application for

post-conviction relief tolls the AEDPA period of limitations for the entire time the

state application is pending.  See id.  A state application for post-conviction relief

is pending "until the application has achieved final resolution through the State's

post-conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  While a

state application for post-conviction relief generally tolls the AEDPA limitations

period, a state application for habeas relief that is not filed within the federal

limitations period does not toll the limitations period under § 2244(d)(2).  Scott v.

Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Under "rare and exceptional circumstances," equitable tolling may also

apply pursuant to AEDPA.  In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006) (per

curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable

tolling may only apply "'where it is necessary to preserve a plaintiff's claims when

strict application of the statute of limitations would be inequitable.'"  Id. (quoting

Fierro, 294 F.3d at 682).  Petitioner's failure to comply with AEDPA's statute of

limitations must result from "an extraordinary factor beyond the plaintiff's control"

that prevents filing on time.  Felder v. Johnson, 204 F.3d 168, 174 (5th Cir. 2000).

Ignorance of the law is insufficient to warrant equitable tolling, even for a <u>pro se</u> petitioner.  <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).  Furthermore, the Fifth Circuit has held that attorney error does not constitute a "rare and exceptional circumstance" that warrants equitable tolling.  <u>Cousin v. Lensing</u>, 310 F.3d 843, 848-49 (5th Cir. 2002).

### 2. Petitioner Has Not Shown He is Entitled to Tolling of the Limitations Period.

Petitioner's conviction became final on October 6, 1986 when the United States Supreme Court denied his petition for writ of certiorari.  <u>Vertz</u>, 479 U.S. 830.  He filed a state habeas application, in which the Texas Court of Criminal Appeals issued a decision by February 17, 1988.  If he had filed a state application for habeas relief within the AEDPA's one-year limitations period, such an application would have tolled the limitations period.  However, he instead waited several years after the enactment of AEDPA and its expiration of the limitations period to seek federal habeas relief.  He now seeks federal relief on four claims that were not presented to this Court until many years after the limitations period elapsed.  <u>See</u> <u>generally</u> (D.E. 1).

Petitioner has presented no valid reason why his federal habeas petition was not filed within the one-year limitations period provided by the AEDPA.  Furthermore, he has not presented any evidence to this Court of any "rare and

20

exceptional circumstances" that might entitle him to tolling of the limitations period.

Accordingly, it is respectfully recommended that petitioner failed to timely file this petition within the AEDPA's one-year limitations period.  It is further respectfully recommended that he has presented no grounds upon which he is entitled to equitable tolling of the limitations period.  Thus, it is respectfully recommended that this petition be dismissed as time barred.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court find that the habeas petition is successive and that this Court lacks jurisdiction to address the merits of petitioner's claims.  In the alternative, it is further respectfully recommended that the habeas petition should be dismissed as time barred.

Respectfully submitted this 27th day of February 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).